1  Anton A. Ewing
2  3077 Clairemont Drive #372
   San Diego, CA 92117
3  (619) 719-9640

4  Plaintiff In Pro Per

5

6          THE UNITED STATES FEDERAL DISTRICT COURT

7             SOUTHERN DISTRICT OF CALIFORNIA

8

9  Anton A. Ewing,                          )  Civil Case No. __14 CV 2925 AJB NLS
                                            )
10        Plaintiff,                        )  **COMPLAINT FOR VIOLATIONS
                                            )  OF CALIFORNIA'S INVASION OF
11     vs.                                  )  PRIVACY ACT, CAL. PENAL
                                            )  CODE SECTION 630, *ET SEQ.*, 18
12 Phillip A. Flora, (aka Phil Flora or     )  U.S.C. §1964(c) RICO; 47 U.S.C. §227
   Philip Anthony Flora),                   )  TCPA – ROBO SPAM CALLER,
13 Every Data, Inc. an unknown              )  EXTORTION; STALKING,
   corporation                             )  TERRORIST THREATS, FRAUD**
14 Every Data, a fictitious business,       )
   Finance Store, Inc. , a Nevada          )
15 Corporation,                            )
                                            )  DEMAND FOR JURY TRIAL
16 DOES 1-100,                              )  ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
   ABC CORPORATIONS 1-100,                  )
17 XYZ, LLC's 1-100.                        )
                                            )
18        Defendants                        )
                                            )
19                                          )
                                            )
20                                          )
                                            )
21                                          )
                                            )
22 _____     )

23        Plaintiff Anton A. Ewing ("Plaintiff"), on behalf of himself (in propria

24 persona), alleges as follows against defendants Phillip A. Flora, Every Data, Inc.,

25 an unknown corporation, Every Data, a fictitious business name, Finance Store,

                              COMPLAINT - 1

Inc., a Nevada corporation, (Collectively herein "FLORA RACKETEERS"),

DOES 1-100, ABC CORPORATIONS 1-100 . and XYZ, LLC's 1-100:

## JURISIDICTION TO HEAR THIS COMPLAINT IN FEDERAL COURT

Plaintiff Anton A. Ewing (herein "Ewing") brings this action for multiple violations of California's Privacy Act and California Penal §630, et seq. by Defendants as hereinafter described. The causes of action are, in large part, federal questions regarding RICO and the Robo Spam Caller laws (TCPA). In addition, Defendants have violated 48 U.S. C. §227.

### Standard Applicable to a Preliminary Injunction

To demonstrate his entitlement to a preliminary injunction, Plaintiff Ewing must show (a) that he will suffer irreparable harm and (b) either (i) a likelihood of success on the merits or (ii) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in Plaintiffs' favor.

This Court has personal and subject matter jurisdiction and venue pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202, and injunctive relief pursuant to Fed.R.Civ.P. 65.

The Court is requested to enter an order for preliminary injunction to prohibit Defendants from calling or spamming Plaintiff and to prohibit Defendants from selling his personal confidential information to third parties.

## FICTITIOUS DEFENDANTS

Does 1-100, ABC Corporations 1-100 and XYZ, LLC's 1-100, are each sued

fictitiously because their true names are currently unknown but leave to amend is

hereby reserved and amendment will be made to properly name said defendants as

soon as discovery allows therefor.

## GENERAL ALLEGATIONS & CORPORATE BACKGROUND

1.      Plaintiff Anton A. Ewing is a U.S. citizen and a resident of the City of

San Diego, County of San Diego, State of California.

2.      Defendant Phillip A. Flora sent a text message to Plaintiff on or about

November 21, 2014 wherein Flora stated "good luck when Italian death squad

comes into your house," as well as "fuck you sue me lol" and "what's your

address, im gonna send you a package." Moreover, Flora texted "I'll trace his #

Monday" and "you want a war you got one but I don't sue." This action arises out

of Defendants' violations of California's Invasion of Privacy Act, Cal. Penal Code

§630, *et seq.* ("CIPA"), which prohibits the recording of confidential

communications without the consent of all parties to the conversation as well as

violations of Racketeering Influence and Corrupt Organizations Act, 18 U.S.C.

§1964 and the Telephone Consumer Protection Act, 47 U.S.C. §227. At no time

relevant to this suit was Phillip Flora acting in the capacity of a rapper like

Eminem. Flora's threats as described herein where intended to be harmful,

vicious, terrorizing and evil and are not protected Free Speech under the Constitution.

3.     During the period relevant herein and continuing presently, Every Data, Inc and Every Data were and continue to be the alter ego of Phillip A. Flora. Moreover, Finance Store, Inc., during the period relevant herein and continuing presently was and continues to be the alter ego of Tim McCormack, Trey Sublette, Jeremy Daggett, and Chuong Nguyen.  Plaintiff reserves the right to amend this complaint to include Tim McCormack, Trey Sublette, Jeremy Daggett, and Chuong Nguyen as soon as additional discovery is made.

4.     On or about November 21, 2014, Tim McCormack and Finance Store, Inc. or one of his employees, agent or contractors at his direction and control, called Plaintiff from 949-777-5508 on his personal cellular telephone at 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 for which Ewing has expressly informed the public to not make solicitation calls via do-not-call list registration.  Later that same day, Tim McCormack or one of his employees, agent or contractors at his direction and control again called Plaintiff from 949-777-5508 and overtly threatened Plaintiff by expressly stating that Phillip A. Flora would use his expertise in computer and internet knowledge and would publish false and defamatory web pages about Plaintiff in order to ruin his reputation and good standing among Plaintiff's clients if Plaintiff filed this lawsuit.  Trey Sublette or his agent who identified himself as "Charles Tran"

engaged in extortionate threats that were intentional and knowing and directed to harm Plaintiff and place Plaintiff in fear of his safety.

5.     During the period relevant herein, FLORA RACKETEER Defendants were a provider of information technology and centralized operational and back-end support services to the FLORA RACKETEERS, and all of its subsidiaries. As such, the FLORA RACKETEERS, provided the infrastructure for dialing and recording the calls at issue in this litigation.  The FLORA RACKETEERS, use automated telephone dialing systems and recording devices at the direction of the FLORA RACKETEERS, and its relevant subsidiaries.  The FLORA RACKETEERS also managed the call centers and telephony architecture and telephone recordings for the enterprise, and its subsidiaries, including defendant Phillip A. Flora.  The FLORA RACKETEERS continue to manage call centers and recordings on behalf of the racketeering enterprise business.

6.     Moreover, the FLORA RACKETEERS continues to monitor and record telephone calls to California residents.

7.     During the relevant period herein, thousands of telephone calls with individuals in California were recorded by the FLORA RACKETEERS's telephone systems at the direction of each of the other Defendants.  Additionally, Phillip A. Flora, on behalf of himself and the enterprise, engaged in express death threats directed solely at Plaintiff including one that stated "good luck when Italian

death squad comes into your home" and "what's your address, im gonna send you a package" which was followed by "I'll trace his # Monday" and "you want a war you got one but I don't sue."

## JURISDICTION

8.     Jurisdiction is proper under federal question jurisdiction as a result of violations of RICO and 47 USC §227 for spam calling Plaintiff's cellular telephone listed on the national Do Not Call list more than 31 days prior to the offending calls.

## VENUE

9.     Venue is proper in this district under 28 U.S.C. §1391(b) because Plaintiff resides in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District. Each of the Defendants has sufficient minimum contacts with this District, and otherwise purposely avail themselves of the markets in this District.

## PARTIES

10.     Plaintiff ANTON A. EWING is a resident of San Diego County, California whose confidential telephone communications were unlawfully recorded by the FLORA RACKETEER Defendants during the period relevant herein. Plaintiff Ewing had placed his telephone number for his cellular phone on the Do Not Call registry in 2012.  In or about November 21, 2014, plaintiff Ewing was

knowingly and intentionally called by the FLORA RACKETEER Defendants

based on a telephone list obtained by the FLORA RACKETEERS Defendants

from Defendant Every Data and Defendant Phillip A. Flora.

## Defendants

11.   Defendant Finance Store, Inc. is a Nevada corporation with its

principal place of business in Santa Ana, California.

12.   Plaintiff is informed and believes, and therefore alleges, that

Defendant FLORA RACKETEERS owned the call centers that were used to

make the non-consensual recordings of confidential communications that are at the

core of this matter.  FLORA RACKETEERS also supervised and conducted the

internal affairs and daily business operations of Defendant Phillip A. Flora and

Finance Store, Inc. in such a way as to treat all of its subsidiaries, including the

FLORA RACKETEERS  as their alter ego, by engaging in conduct, acts or

omissions including controlling FLORA RACKETEERS to such a degree as to

render FLORA RACKETEERS a mere instrumentality of Phillip A. Flora and Tim

McCormack.   Phillip A. Flora, his agent and employees and FLORA

RACKETEERS constitute a racketeering enterprise.  Said enterprise used and

employed the wires of the United State of America to engage in fraudulent and

criminal activity by calling to Plaintiff's California cellular telephone.  These calls

crossed state lines and thus constitute the predicate act of wire fraud in that

Defendants used the telephone infrastructure of the United State to commit their interstate criminal activities that were continuous and ongoing for several years. Further, Phillip A. Flora engaged in the predicate act of terrorist death threat, stalking and extreme and outrageous as well as bizarre conduct by attempting to kill Plaintiff.

13.     Plaintiff is informed and believes, and therefore alleges, that defendant FLORA RACKETEERS' comprehensive right to control is sufficient to meet the agency standard under California law.

14.     During the relevant period described herein, Defendants each aided and abetted, encouraged and rendered substantial assistance to each other in furthering the CIPA violations.  In addition to acting on their own behalf individually, Defendants, each of them, are and were acting as the agent, alter ego, servant, employee, joint venturer, and representative of, and with the knowledge, consent and permission of, and in concert with the other defendants.  The actions of the defendants as described in this complaint all fall within the course, scope, and authority of the agency, service, and employment relationships that exist between the defendants, and as such, create joint ventures between all of the defendants to the extent that binding legal relationships do not already exist. The actions and representations of the defendants constitute a conspiracy on the part of the defendants for the purpose of such actions and representations made to the

plaintiff of this cause of action.

## FACTUAL ALLEGATIONS REGARDING CONFIDENTIAL
## TELEPHONIC COMMUNICATIONS WITH PLAINTIFF

15.    In or about November 21, 2014, plaintiff Ewing was called by FLORA RACKETEER Defendants.  FLORA RACKETEER Defendants engaged plaintiff Ewing in confidential telephone communications.  To the best of plaintiff Ewing's recollection, he spoke to FLORA RACKETEER Defendants' personnel several times.  On any of the occasions when he spoke telephonically with FLORA RACKETEER Defendants' personnel, Plaintiff Ewing was not advised at the outset of the calls that the calls might be recorded by FLORA RACKETEERS Defendants.  In light of the sensitive nature of the personal and confidential information being discussed during the telephone calls, Plaintiff Ewing had an objectively reasonable expectation of privacy – in that he reasonably expected that the conversations were not being overheard, monitored and/or recorded. Defendant Finance Store, Inc. refused to provide Plaintiff with a written copy of it do not call policy and refused to take Plaintiff' name and number off the telemarketing list.

## DEFENDANTS' IMPROPER AND ILLEGAL
## RECORDING POLICIES AND PRACTICES

16.    Defendants' policies and practices, during the period relevant herein

and continuing to the present, were to record confidential telephonic

communications with California individuals, without advising them at the outset of

each telephone call that it is being recorded, in violation of California Penal Code

§630, *et seq.*

17.    The FLORA RACKETEER Defendants did not obtain consent to

record any of the telephone conversations prior to the time they recorded the calls.

18.    FLORA RACKETEERS designed and implemented an extensive call

center system for the thousands of consumer transactions serviced by its various

affiliates and subsidiaries.  During the times relevant to the CIPA claims made

herein, the system included 5 domestic and international call centers from which

customer calls are placed and received on behalf of FLORA RACKETEERS

business units.

19.    FLORA RACKETEERS operate, implement and manage the

architecture and infrastructure necessary to meet the call recording strategies set by

FLORA RACKETEERS Defendants.  At the direction of the relevant business unit

subsidiary of FLORA RACKETEERS, FLORA RACKETEERS's infrastructure

dialed telephone numbers to California individuals and recorded the telephone

calls. The volume of calls was extraordinary.  At each call center, defendant

FLORA RACKETEERS used databases and servers to store and retrieve the

recordings. In fact, Phillip A. Flora and Chuong Nguyen are a self-proclaimed computer genius' who designed the systems used herein.

20.     FLORA RACKETEERS continue to maintain call centers and oversee recordings in connection with FLORA RACKETEERS's line of business. Plaintiff will seek, demand and argue for punitive damages at trial herein to send a message to Defendants and others similarly situated that violation of California's criminal and federal stalking, terrorism and harassment laws are not allowed.

21.     The central automated telephone dialing system ("ATDS") was, and currently continues to be, used by Defendants to initiate up to two thousand calls a day. The ATDS is used by all the subsidiaries of FLORA RACKETEERS. Approximately 10% or 10,000 of these calls were made to California consumers. Defendants' policy and practice was to set the ATDS to call the consumer's home, business, and cellular telephones up to five times a day. Depending on the instructions given by each business unit, 15%-20% of all of the telephone calls (at times up to 100% of the calls in certain businesses) were set to record by FLORA RACKETEERS and recorded, using a centralized call recording hardware and software. Recording began when the customer was connected with a call center agent.

22.     Defendants together strategically managed the ATDS to maximize

resources, i.e., by employing a consistent process across the businesses for determining how and when calls would be made through the ATDS and scoring or rating the calls for advance treatment through the ATDS.

23.     FLORA RACKETEERS's businesses directly loaded customer information onto FLORA RACKETEERS's "mainframe" or "back-end" computer system, which includes the ATDS.  During the day, accounts would be loaded into dialer tables, and the tables would then be run through the dialer.  Once the ATDS would initiate the call, and a customer would answer, FLORA RACKETEERS's "automated call distributor" would then route the call to an available agent. Defendants called Plaintiff Ewing at 619-719-9640, his personal cellular telephone. Plaintiff Ewing was physically present in California during each and every illegally recorded telephone conversation alleged herein.  At the same time the call was routed, the agent received the customer's information on a computer screen.  If a recording of the telephone communications was going to be made by the recording system, the recording would begin when the FLORA RACKETEER Defendants' agent picked up the call.  The agents do not have the ability to stop or start call recording.  The agents do not know which calls are being recorded.  Daisy Molina, an employee of FLORA RACKETEERS stated that all calls are recorded and there is no warning or disclosure of such recording to the consumer.

24.     With respect to whether the telephone agents themselves provide the

call recipients with a verbal advisement that the call may be recorded, Defendants admit to a policy whereby the agents *do not provide any advisement* to customers that the calls are being recorded.  Daisy Molina stated that it was not in the agent's script.

25.    For calls related to the FLORA RACKETEERS business, Defendants are required, pursuant to California Penal Code §630 et seq., to give a verbal advisory that the call is being recorded before speaking to a customer.  The FLORA RACKETEERS Defendants have previously admitted that based on an evaluation of a sample set of recordings, a verbal advisory was not given.

26.    CIPA prohibits the recording of communications without first obtaining the consent of all parties to the conversation. Cal. Penal Code §632. PC Section 632.7 does not require that a communication be confidential in order to be provided protection from interception or recording. The text of the section notably contains no reference to "confidential communications;" moreover, more than just confidential communications are protected. ALL communications that are recorded without the consent of both parties to the communication are protected. The right protected by Section 632 is not against the betrayal of a party's confidence by the other party. Rather, Section 632 protects against simultaneous

dissemination to an unannounced second auditor without the party's consent. Any communication, regardless of the intimacy of the facts discussed, that is recorded devoid of notice of recordation, is a violation of California law.

27.     Under California law, the term "confidential communication" includes any communication carried on in circumstances that may reasonably indicate that any party to the communication desires it to be confined to the parties thereto. Cal. Pen. Code §632(c).   In other words, a communication is confidential "if a party to that conversation has an objectively reasonable expectation that the conversation is not being overheard."

28.     In light of the sensitive nature of the personal financial and related information being discussed in the calls with Defendants, Plaintiff had an objectively reasonable expectation of privacy – in that Ewing reasonably expected that the conversations were not being overheard, monitored and/or recorded.

29.     The absence of any such advisement would lead a California consumer to reasonably anticipate that his/her telephone call was not being recorded.  In November 2011, the California Court of Appeal in *Kight v. CashCall, Inc.*, 200 Cal. App. 4th 1377, 1385 (2011), held that an automated advisory that the call "may be monitored and recorded for quality assurance" does not constitute adequate notice to the call recipient.

30.     In violation of the CIPA, Defendants recorded Plaintiff's telephone calls without Ewing's express consent.

31.     Defendants have engaged in a pattern and practice of recording a substantial percentage of the telephonic communications with individuals located in California.

32.     Defendants intentionally, and without the consent of all parties, by means of an electronic recording device, recorded confidential telephonic communications with Plaintiff Ewing.

33.     The complaint here is timely.  The applicable statute of limitations for violations of the CIPA is one year (Cal. Civ. Proc. Code §340(a).

34.     This Complaint is thus timely and Defendants have been on timely notice.

## CAUSES OF ACTION

### (For Statutory Damages and Injunctive Relief for Violations of Cal. Penal Code Sections 632 and 637.2(a)-(b))

35.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36.     At all times relevant herein, Defendants routinely communicated by telephone with Plaintiff in connection with attempts to sell products of Defendants.

37.     At all times relevant herein, Defendants made use of a software

system that enabled them to secretly record confidential telephone conversations between Plaintiff on the one hand, and Defendants on the other hand.

38.    In each of his conversations with Defendants, Plaintiff discussed his confidential personal financial circumstances and affairs, on each account.  It was reasonable for the Plaintiff to expect that the conversations would be confined to the parties to the conversation, and that his conversations were not being overheard or recorded.

39.    Each of the conversations between Defendants and Ewing was a "confidential communication" within the meaning of California Penal Code section 632(c).

40.    California Penal Code section 632 prohibits a party from recording such conversations without first informing all parties to the conversation that the conversation is being recorded.  Defendants' confidential telephone communications with Plaintiff were secretly and surreptitiously recorded by Defendants without obtaining consent to record such conversations.

41.    Defendants' practice of recording telephone conversations with Plaintiff violated California Penal Code section 632(a).

42.    Pursuant to California Penal Code §637.2(a)(1), Plaintiff is entitled to recover statutory damages in the amount of $5,000 per violation.  Plaintiffs' counsel is also entitled to attorneys' fees and costs pursuant to Cal. Civ. Proc. Code

§1021.5. Plaintiff consulted with several California licensed attorneys and paid for said legal advice to enable him to bring this suit.

43.     Pursuant to California Penal Code §637.2(b), Plaintiff also seeks a preliminary and permanent injunction to restrain Defendants from committing further violations of CIPA and to prohibit and prevent Defendants from making future death threats to Plaintiff and his family.

44.     Pursuant to California Penal Code §637, Defendants have willfully disclosed the contents of Plaintiff's telephonic communications to a third party without Ewing's consent.

## RICO CONSPIRACY 18 U.S.C. §1964(c)

45.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46.     Defendants, and each of them, have engaged in the predicate acts of wire fraud and money laundering which supports the claim of violation of 18 U.S.C. §1962(d) and (c), conspiracy to conduct racketeering affairs through a pattern of racketeering activity.   Additionally, Defendants have made express and intentional death threats directly at Plaintiff that were within the course and scope of the racketeering enterprise's operations.  The enterprise is the combination of the entities named herein as defendants.  Specifically, FLORA RACKETEERS is the enterprise.  The period of the conspiracy has lasted from at least December

2012 forward to present day.  Upon information and belief, the conspiracy began in

2011 when Defendant Phillip A. Flora created FLORA RACKETEERS and Every

Data.  There are two or more acts that form the basis of racketeering engaged in by

Defendants by using the wires of the United States to illegally record Plaintiff's

telephonic conversations and laundering over $10,000 of the proceeds of the wire

fraud through financial institutions.  Defendants engaged in the fraudulent use of

the wires to threaten and extort Plaintiff into handing over money or property to

Defendants.  Defendants are engaging in voluminous spam calling in direct

violation of 47 U.S.C. §227 to solicit confidential information over the wires of the

United States.  Defendant PHILLIP A. FLORA is associated with and a member of

the enterprise as alleged and described above by Plaintiff.  Defendant PHILLIP A.

FLORA knowingly committed at least two of the predicate acts herein described.

The predicate acts formed a pattern of racketeering activity by having the same or

similar purposes, results, participants, victims, or methods of commission, or were

otherwise interrelated by distinguishing characteristics so that they were not

isolated events.  The predicate acts amounted to, or threatened the likelihood of,

continued criminal activity posing a threat of continuity projecting into the future

and through the commission of the two or more connected predicate acts, the

Defendants conducted or participated in the conduct of the affairs of the enterprise.

The enterprise was engaged in, or its activities affected, interstate commerce.  The

use of the wires and the laundering of money through financial institutions affects interstate commerce. Additionally, the making of express and intentional death threats through the use of the United States wires affects interstate commerce.

47.  Plaintiff has been injured in his business and property as a direct and proximate cause of Defendants willful violations of California law as described above, which is the pattern of racketeering activity. Defendants did not act by mistake or accident but rather acted voluntarily and knowingly all while conspiring to defraud Plaintiff of his privacy, money, business and property. Each and every fraudulent telephone conversation that forms the basis of this cause of action constituted an illegal use of the wires in violation of 18 U.S.C §1343.

48.  Plaintiff demands threefold damages as well as statutorily imposed attorney fees as a result of Defendant's racketeering activities described above.

49.  Defendant's actions did not result in nor were caused by the purchase of or sale of securities.

50.  Defendant's use of the wires (18 U.S.C. 1343) within the United States went across state lines and thus constitutes the interstate commerce of the racketeering enterprise of Defendants.

51.  Defendants committed two or more acts of racketeering activity within the ten years prior to filing this cause of action.

52.    In addition, Defendant's pattern of racketeering activities is the constant and multiple recording of thousands of telephone calls illegally over an extended period of time as described above as well as a knowing and intentional violation of the Do Not Call registry.

53.    Each Defendant named herein engaged, directly or indirectly, in the pattern of racketeering affairs and activities described above.  Defendant's overt and express death threats to Plaintiff over the telephone also constitute predicate acts for purposes of racketeering activity.

54.    Defendants laundered their profits, revenues, expenses and income from their racketeering activities as defined by 18 U.S.C. 1961(1), through US financial institutions in violation of 18 U.S.C. §§1956 and 1957.

55.    The Defendants specified unlawful activity for purposes of 18 U.S.C. §1956(c )(7), is 18 U.S.C. §1343 as defined in 18 U.S.C. §1961(1).  Further, the FLORA RACKETEERS is not registered with the California Secretary of State and has knowingly failed to file and pay California Franchise, income and gross receipts tax on the profits that it has earned, obtained and received from its illegal activity herein stated above.  The FLORA RACKETEERS's tax fraud constitutes an additional predicate act in violation of RICO.

## VIOLATION OF 47 U.S.C. §227 DO NOT CALL REGISTRY

56.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57.  47 C.F.R. 64.1200(c)(2) prohibits calling any number on the national Do Not Call list.  47 C.F.R. 64.1200(a)(1)(iii) states that no person or entity may initiate any commercial purpose telephone call to any cellular telephone that is already on the national do-not-call registry.  Plaintiff and Defendants do not and did not ever have any pre-existing or established business relationship at any time. Defendants are not a tax-exempt nonprofit organization or a political organization.

58.  Defendants do not have a do not call database.  Defendants refused to identify themselves upon request by Plaintiff.   Defendants refused to put Plaintiff on their do not call list.  Defendants used and employed an automated dialer to call Plaintiff.

59.  Defendants do not have a do not call policy that is written.

60.  Defendants refused to provide Plaintiff with a written copy of any do not call policy.

61.  Defendants do not scrub their call lists against the national do not call list or registry.  Additionally, Defendant Phillip A. Flora is currently under contempt of court of a federal court order in FTC vs. Flora, 11-cv-00299-AG-JEM,

and 13-CV-00381, for violating an order to cease and desist from spamming

Plaintiff.  Judge Guilford has actually entered an order finding Flora in contempt.

62.  Defendants do not have any personal relationship with Plaintiff.

63.  Defendants refused to provide the full name of the caller on the

telephone who initiated the call.

64.  Defendants refused to provide a telephone number or address at which

the Defendants could be contacted.

65.  Defendants knowingly and willfully violated the automated-call

requirements under 47 U.S.C. §227(b)(3) and willfully and knowingly violated the

do-not-call-list requirements under 47 U.S.C. §227(c)(5).  *Charvat v. NMP, LLC*

(2001, CA6 Ohio) 656 F.3d 440 holds that Plaintiff may recover both $1500

statutory damages awards even if both violations occurred in the same telephone

call.

66.  Defendants engaged in unsolicited advertising through the use of

wires in the United States.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment against

Defendants as follows:

A.  For statutory damages in the amount of $5,000 per violation

pursuant to California Penal Code §637.2(a)(1) or, if greater, three times actual damages as provided in California Penal Code §637.2(a)(2); $500 plus threefold damages for intentional violation of the Do Not Call registry for each and every call, failure to maintain an do not call list, and failure to provide a written copy of do not call policy.

B.      For punitive damages in an amount to be determined with exactness at trial herein;

C.      For threefold damages pursuant to 18 U.S.C. §1964(c);

D.      For a preliminary and permanent injunction to restrain further violations of the CIPA, pursuant to California Penal Code §637.2(b);

E.      For the payment of reasonable attorneys' fees and costs of suit incurred herein under all applicable statutes and rules including under Cal. Civ. Proc. Code §1021.5 and 18 U.S.C. §1964;

F.      For pre- and post-judgment interest at the legal rate; and

G.      For any other relief that the Court deems just and proper.

///

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and demands a trial by jury for all claims so triable.

Dated this 11th day of December, 2014

Anton A. Ewing,
Plaintiff in pro per

## CERTIFICATION OF WORD COUNT

I, Anton A. Ewing, hereby certify that, according to the computer program used to prepare this document, Complaint, contains 5003 words.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.   Executed on this 11th day of December, 2014, in San Diego, California.

Anton A. Ewing,
Plaintiff in pro per

## DECLARATION IN SUPPORT OF COMPLAINT

I, Anton A. Ewing, hereby depose, declare and state the following as true and correct under penalty of perjury under the laws of the State of California:

1.  I was called multiple times by Defendants herein and said calls were recorded without my knowledge or consent on November 21, 2014.
2.  My cellular telephone was registered with the national Do Not Call list more than 31 days prior to any and all calls made to said cell phone (619-719-9640).

I am competent to testify to the above stated factual assertions.

Dated this 11th day of December, 2014

Anton A. Ewing
Plaintiff in pro per

## PROOF OF SERVICE

I, _____, being a United States Citizen and over the age of 18 and not a party to this case, hereby declare that I have served the following documents:

Summons and Complaint in Anton A. Ewing vs. PHILLIP A. FLORA, an individual, et al.

On:


In the following manner:

by serving


___ - By placing a true and correct copy of the same in the US mail, first class postage prepaid, on_____, 2014.

____ By scanning and emailing the same to


____ By placing a true and correct copy of the same in the USA service pick up box at the federal district court

I declare under penalty of perjury that the above is true and correct.



Dated: _____