Anton Ewing
3077 Clairemont Drive, Suite 372
San Diego, California 92117
Telephone: (619) 719-9640
Facsimile: (760) 269-3107
anton@antonewing.com

Pro per

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON A. EWING,<br><br>                    Plaintiff,<br><br>vs.<br><br>PHILLIP A. FLORA (aka PHIL ANTHONY FLORA), EVERY DATA, INC., an unknown corporation, EVERY DATA, a fictitious business, FINANCE STORE, INC., a Nevada Corporation, DOES 1-100, ABC CORPORATIONS 1-100, XYZ, LLC's 1-100.<br><br>                    Defendants. | CASE NO. 14-CV-2925-AJB-NLS<br><br>Hon. Anthony J. Battaglia<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SANCTIONS**<br><br>Complaint Filed: December 11, 2014<br><br>Hearing: April 21, 2016<br><br>Courtroom: 3B<br><br>Time: 2:00 p.m. |

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

Let's not forget where this case started.  It started with Mr. Flora, a convicted criminal, texting that he was going to send the "**Italian death squad into [Ewing's] house**" and that he was going to "**send [Ewing] a package**" and "**I'll trace his # [M]onday**" and then Flora called Ewing and stated he was going "rape [Ewing's] daughter in front of [Ewing]."  Finally Flora threatened to "Folley" Ewing which, at the time, was meant to indicate that Flora would take a knife and cut Ewing's head off like ISIS did to the late Mr. Folley.  Flora is a sick person and his psychological harassment of Ewing has been non-stop since before this litigation began.  Flora threatened, in writing, to kill Ewing.  Further, Flora threatened to sexually rape a little 9 year old girl and force the father to watch while he did it.  That is truly beyond sick.  The FBI described Flora as a nutcase with a few loose screws.  *See also* SACV 11-00299 AG (JEMx) – Central District of California.   The FTC had to go after Flora not once, but twice and further, to hold Flora in civil contempt and fine Flora over $148,000 for the exact same conduct that this lawsuit is suing him over.  See:  https://www.ftc.gov/news-events/press-releases/2014/05/ftc-wins-default-contempt-judgments-against-text-spammer-phil

On November 11, 2014, at 9:01 p.m. Flora texted "**fuck you sue me lol**" and then "**I've been sued many times.**"  That is who Flora is.  And who represented Flora in the FTC contempt action…. Bobby Babak[1] Samini, Esq.  But Flora did not just stop there.  Flora went on to text "**you want war**" "**you got one**" "**but I don't sue.**"  These are real threats.  If this Court received these kinds of repeated text messages late at night from Flora, it would seem like a clear and very real threat to kill and rape.

---

[1] The State Bar of California forced Samini to put up two Bar directory web pages so as not to further mislead the public with his false name that he has no legal authority to use.

The actual evidence of the above is attached to this motion as exhibits, including the text messages which Flora admitted to under oath and the contempt citation from the Central District which the Court can take judicial notice of.

## PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES

## I.   PLAINTIFF'S INTRODUCTION

Defendant Flora has a history of engaging in threats and harassment of opposing parties that can only be considered as vexatious.   Flora is currently under contempt of a federal judge in the Central District of California for engaging in exactly the same kind of telemarketing conduct that this case is about.   As such, it is not surprising that these disturbing traits have been carried forward into the present matter.   The honorable district judge in the Central District imposed a penalty of over $148,000 on Flora for his contempt.

Consistent with his past acts of harassment, his actions in this case have been consistently and undeniably improper.   Accordingly, a sanction order is not necessary to protect Defendant and his counsel.

"Rule 11 is intended to deter baseless filings in district court and imposes a duty of reasonable inquiry so that anything filed with the court is well grounded in fact, legally tenable, and not interposed for any improper purpose." *Islamic Shura Council of S. California v. F.B.I.*, 757 F.3d 870, 872 (9th Cir. 2014) (internal quotation marks omitted).   When Prado declares that Ewing violated a pending

order to not communicate with Mr. Flora, and that declaration is actually 100% false, then Prado has violated Rule 11 that a matter be "well grounded in fact." Rule 11 authorizes sanctions when a party files a lawsuit or motion that is frivolous, legally unreasonable, without factual foundation, or is otherwise brought for an improper purpose. *Warren v. Guelker*, 29 F.3d 1386, 1388 (9th Cir. 1994). It appears that Defendant Flora's motion fits exactly within Rule 11's view.

## II.   FACTUAL BACKGROUND

Defendant Phillip A. Flora's ("Defendant" or "Flora") motion should be denied for the following reasons:

1.  Flora uses descriptive words like "unprofessional, disrespectful, threatening and harassing[2]" riddled throughout his motion. However, when it comes down to actually backing up those descriptions, his evidence fails miserably. There are indeed a lot of exhibits, but nothing in the voluminous exhibits actually demonstrates any violation of any court order or any local rule since the last hearing on this matter and regarding this topic.

2.  In paragraph two of Flora's motion, he states that "Ewing continues to harass, disparage, personally attack and threaten counsel" but then does not actually show or demonstrate exactly how. Empty accusations.

3.  In paragraph three of Flora's motion, he states that "Ewing's bad faith conduct has prejudiced Flora's ability to expeditiously bring this case for trial." This is a bizarre accusation in light of the fact that the Honorable Magistrate Stormes entered a scheduling order on June 30, 2015 as ECF

---

[2] See paragraph number 1 of ECF No. 57 on page 2 of 16.

**PLAINTIFF'S RESPONSE TO MOTION FOR SANCTIONS**

No. 28.  This order has never been amended, modified or changed in any manner whatsoever.  Ewing has not slowed this case at all[3].  In fact, it is Flora that has missed his noticed deposition over and over again and it is Flora that has knowingly destroyed critical evidence (his cell phone) in this matter.  And it is Flora who canceled Ewing's deposition twice with no advance notice and no excuse.  This case has NOT been delayed by Ewing at all.  And if anything, it has been Flora and only Flora that is playing the delay game.  The reality is that there has been no delay in getting to trial as Prado argues in the motion.

Here is the scheduling order summarized – which has never changed:

a. The parties must disclose the identity of their respective experts in writing by December 21, 2015.
b. The date for the disclosure of the identity of rebuttal experts must be on or before January 25, 2016.
c. On or before December 21, 2015, each party must comply with the disclosure provisions in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.
d. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(c) by January 25, 2016.
e. All fact discovery shall be completed by all parties on or before November 20, 2015.
f. All expert discovery shall be completed by all parties on or before February 22, 2016.
g. A Mandatory Settlement Conference shall be conducted on May 9, 2016 at 2:30 p.m.
h. All other dispositive motions including those addressing Daubert issues must be filed on or before March 28, 2016.
i. Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) on or before July 1, 2016.

---

[3] Ewing has actually attempted over and over again to move this case forward notwithstanding Flora's intentional failure to show up to two of his noticed depositions.  Further, Flora canceled Ewing's deposition with less than 24 hours notice, twice, without providing any reason.

**PLAINTIFF'S RESPONSE TO MOTION FOR SANCTIONS**

j.  The parties shall meet and confer on or before July 11, 2016 and prepare a proposed pretrial order Objections to Pre-trial disclosures must be filed no later than July 18, 2016.

k.  The Proposed Final Pretrial Conference Order as described above must be prepared, served and lodged with the assigned district judge on or before July 25, 2016.

l.  The final Pretrial Conference is scheduled on the calendar of the Honorable Anthony J. Battaglia on August 1, 2016 at 1:30pm

At paragraph 17 of the scheduling order it states that none of the dates will be modified "except for good cause shown."  Flora has not asked for any modifications and thus has no good cause.  Instead, Flora halls-off and files this instant motion for sanctions[4].  What is ironic is that Flora is the one who is actually engaging in frivolous and vexatious conduct, in violation of B&P §6128, by declaring to the Court, in his paragraph three of ECF No. 57 (page 2 of 16) that Ewing is prejudicing the ability to expeditiously bring the case for trial.  Since Flora cites to no actual evidence to back up this fraudulent claim, Flora is the one that is engaging in criminal activity by engaging in "deceit upon the court" by falsely arguing that Ewing is delaying this case.  Flora has the ability to respond to this above statement by March 8, 2016 in a rebuttal.  Let's see what Flora has to say.  The facts are clear.  Not one single scheduling order date has been moved or adjusted in any manner whatsoever.  Flora argues, in writing before this Court, that

---

[4] Flora did not even attempt a meet and confer prior to this filing.  It appears that this filing is a dishonest and feable attempt to obfuscate about the real issue, which is Plaintiff's pending motion regarding Flora's perjury and destruction of evidence charges in this matter.  Flora's dirty tactics are not unnoticed.

**PLAINTIFF'S RESPONSE TO MOTION FOR SANCTIONS**

Ewing has caused delay[5].  That statement by Flora's attorney is totally false.

When an attorney makes a false statement to a court, that is a crime under B&P §6128.

4.  On September 1, 2015 at 8:43 p.m., attorney Nicole C. Prado wrote an email to Plaintiff Ewing and she stated "govern yourself accordingly" as her closing statement.  Talk about two faced!  Prado used this term first, which was after she was ordered to act professionally by the Court, and now she turns around and argues that those exact same words used by Ewing in a subsequent email are a "threat" and warrant holding Ewing in civil contempt, as well as an immediate dismissal with prejudice and monetary sanctions on top of all of that?  She must be kidding.  That is absurd.  It is dishonest and deceitful for Prado to say that Ewing's use of HER own words is a threat when puppetted right back to her[6].   In addition, on March 21, 2015, at 10:21 a.m. Prado sent an email to Ewing and her last statement was "conduct yourself accordingly".  Perhaps Prado is taking issue with the word "govern" in place of her word "conduct."  If these above declarations by Ewing about Prado are not true, then she will deny them in the rebuttable that is due by March 8, 2016.  Let's see what Prado does.  See ECF No. 57-23.

5.  The fact that Prado moves this Court for civil contempt and terminating sanctions based on the use of the words "govern yourself accordingly" by Ewing when she is the one that used those words multiple times previous to Ewing's use thereof, is deceitful.  How can Prado stand before this Court, as an officer of the court, and say that Ewing has "threatened" her

---

[5] Flora stated "prejudiced Flora's ability to expeditiously bring this case for trial."

[6] On what planet is "govern yourself accordingly" a threat?

1  by using the same words that she used before[7]?  It is deceitful and deceit

2  is a crime when done by an attorney at law.  This Court should find

3  Prado's conduct and declaration contemptuous.  In Flora's paragraph ten,

4  he couches Ewing's "govern yourself accordingly" as "ominous warnings

5  to counsel."  *Makes me want to puke.  Seriously*.  It is truly disgusting for

6  Prado to say that Ewing is making a threat when Ewing says "govern

7  yourself accordingly" when Prado is the one that began using that same

8  phrase over and over again before Ewing.

9  6.  At paragraph four of Flora's motion (ECF No. 57 at page 2 of 16) he states

10  that "…Ewing directly contacted Flora" despite "…a pending Protective

11  Order."  If that truly is the case, then this Court should hold Ewing in

12  contempt and the Court should forthwith dismiss this case with prejudice

13  and this Court should enter huge monetary sanctions against Ewing.  But,

14  again, Prado is being deceitful to this Court.  Prado has lied again.  Prado

15  has made a false declaration to the Court.  Ewing has not had any contact[8]

16  whatsoever with Flora, absent the actual deposition, since Ewing was

17  ordered to only not communicate about discovery and settlement matters.

18  Flora indicated that he is a "surfer" at the end of his deposition.  The court

19  did not prohibit communication about surfing.  See ECF No. 40

20  Notwithstanding, Ewing has not emailed, called or texted Flora ever since

21  the order, about any matters.  For Flora to make this allegation in the first

22  instance is alarming to say the least.  It is absolutely, unequivocally

23  fraudulent, unethical and dishonest for Prado to inflame the Court by

---

[7] Prado has actually used the words "govern yourself accordingly," or very similar derivations, six times over the past 14 months.  For example, on 8/28/215 at 11:17 a.m. Prado sent an email wherein she ended with "**govern your conduct accordingly**."  It is just bizarre that Prado uses the words that she made up as if it is a threat when uttered by the opposing party.

[8] Prado have filed over one hundred pages of exhibits and declarations.  Not one single page is an email or a text demonstrating communication directly with Mr. Flora after the date of the Magistrate's limited order thereon.

accusing Ewing of violating "a pending Protective Order" by "directly contact[ing] Flora."   If Ewing contacted Flora about discovery or settlement, then this Court should bring down the hammer on Ewing. However, if Ewing did not do what Prado accuses him of, then this Court should still bring down the hammer, only it should be on Prado, the criminal deceitful liar.   The fact is, Ewing has not contacted[9] Flora, just like the Magistrate ordered.   If there was any contact, then why wouldn't Prado include such an alleged communication as an evidentiary exhibit? She did not, because none exists.   Prado has lied to this Court.

7. In paragraph five of Flora's motion he states that Ewing has filed numerous bar complaints.   That is correct; and the State Bar has in fact taken action against attorney Samini.   The Bar is a bit busy right now, but eventually the Bar will get to the other complaints and hopefully sanction Flora's attorney for this unethical conduct.   Ewing has the absolute right to petition the government for grievances.   Furthermore, there is nothing wrong with meeting and conferring with opposing counsel prior to filing a Bar complaint to see if Prado or Samini will turn back from their obstructionism and chicanery in this matter.   When they refuse, the Bar takes jurisdiction over the matter.   Hopefully Prado and Samini will cease and desist from their unprofessional conduct.   However, based on this frivolous motion now before the Court, it does not appear to be so.

8. Flora's paragraphs six, seven and eight are devoid of actual supporting evidence.   Furthermore, there is nothing wrong with informing an opponent of causes of action that arise.   For example, one staff attorney at the Samini firm, Laura Booth, accidently hit "reply all" and began to

---

[9] The State Bar rules of professional conduct actually encourages parties to communicate directly to help settle matters and clear up the court's busy docket.  Flora is the one that is frustrating legit settlement.

**PLAINTIFF'S RESPONSE TO MOTION FOR SANCTIONS**

slander, defame and disparage Ewing in her email[10] to co-counsel. Defamation of character is a civil cause of action.  It would be strange indeed for a court to hold a pro se litigant in contempt for informing opposing counsel of causes of action that they have incurred liability over.

9.  At page 4 of 16 of Flora's ECF No. 57 motion, he accuses Ewing of trying to "extort settlement" but then does not actually show or demonstrate a single instance of this.  On page four, at lines 21 to 26, there is not one reference, footnote or citation of any kind to any email, document or other evidence to back up this outlandish claim.  Could it actually be the case that Prado has lied yet again to the Court just like she lied about "directly contacting Flora" and stating that "govern yourself accordingly" is a threat or that this case is being delayed when no dates have changed since day one?

10. When this case first started, Flora filed a frivolous motion to dismiss and the Court schooled Flora's lawyers about knowingly making false assertions of well established law.  On January 6, 2015, in Flora's ECF No. 3, the motion to dismiss, he used the following words which the Court found to be frivolous and denied Flora's motion:

"Defendant Flora states in his 12(b) motion that Plaintiff's complaint is:

A.  Unabashed (line 3, page 1)

B.  to harass and impugn (line 3, page 1)

C.  largely incomprehensible and incongruent  (line 8, page 1)

D.  not colorable (line 10, page 1)

---

[10] --- lbaskurt@SaminiLaw.com wrote:

From: Laura Baskurt <lbaskurt@SaminiLaw.com>
To: "Anton A. Ewing, JD" <anton@antonewing.com>
Subject: Re: Ewing v. Flora
Date: Mon, 13 Jul 2015 19:23:28 +0000

Omg he is awful and he sounds like my ex husband

E.  so frivolously asserts (line 12, page 2)

F.  Inflammatory rhetoric, conclusory and defective (line 20, pg 1)

G.  futile (line 18, page 2)

H.  badly mistaken (line 8, page 3)

I.  poor attempt  (line 14, page 3)

J.  woefully short (line 7, page 7)

K.  erroneously alleges  (line 1, page 9)

L.  outrageous and inflammatory allegation (line 5, page 9)

M.  baldly asserts (line 7, page 9)

N.  fails to acknowledge (line 24, page 9)

O.  frivolous and unwarranted contentions (line 11, page 10)

Flora's lawyers have a habit of filing these kinds of grotesque motions.  Here they go again with more and more filth and despicable descriptions.  Flora, Samini and Prado were told by the Court to not engage in this kind of unsupported drafting in the future, but they just did it again.

11.  In this latest motion for sanctions, Flora uses, 83 times, the following words, again unsupported and devoid of citation to real evidence:

a.  Unprofessional, disrespectful, threatening and harassing (line 11, page 2)

b.  Harass, disparage, attack, threaten (line 14, page 2)

c.  Bad faith, prejudice (line 15, page 2)

d.  Bullying, threatens (line 21, page 2)

e.  Gamesmanship (line 25, page 2)

f.  Mudsling (line 27, page 2)

g.  Provocative, ominous warnings (line 2, page 3)

h.  Vexatious pattern of harassment and bullying (line 5, page 4)

i.  Rife with threats (line 6, page 4)

j.  Extort (line 8, page 4)

k.  Deplorable threats, tactics of intimidation (line 9, page 4)

**PLAINTIFF'S RESPONSE TO MOTION FOR SANCTIONS**

l.  Abuse (line 13, page 4)

m. Brazen disrespect, contemptuous disregard (line 14, page 4)

n.  Bad faith conduct (line 15, page 4)

o.  Improper conduct (line 20, page 4)

p.  Intimidate counsel, extort settlement (line 24, page 4)

q.  Nefarious gamesmanship (line 25, page 4)

r.  Bad faith (line 1, page 5)

s.  Harassment (line 3, page 5)

t.  Bullying, scheme to derail (line 9, page 5)

u.  Egregiously (line 21, page 5)

v.  Wrongfully influence (line 24, page 5)

w. Unfounded and inflammatory accusations (line 1, page 6)

x.  Threatened judicial intervention (line 5, page 6)

y.  Snarky manner (line 10, page 6)

z.  Harassing emails (line 15, page 6)

aa. Unwarranted and unprofessional attacks (line 21, page 6)

bb. Most egregiously (line 23, page 6)

cc. Indirect threats (line 4, page 7)

dd. Threatened (line 6, page 7)

ee. Harassment (line 11, page 7)

ff.  Threats of sanctions and various personal insults (line 16, page 7)

gg. Threats and psychological abuse (line 18, page 7)

hh. Fixation, disconcerting, sinister (line 20, page 7)

ii.  Threatened (line 22, page 7)

jj.  Warnings, personal insults, snarky rhetorical questions (line 4, pg8)

kk. Cutting remarks (line 5, page 8)

ll.  Harassment (line 12, page 8)

mm.   Taunting (line 24, page 8)

**PLAINTIFF'S RESPONSE TO MOTION FOR SANCTIONS**

nn.  Threatening (line 26, page 8)

oo. Threatened (line 27, page 8)

pp.  Psychological abuse (line 4, page 9)

qq. Accusing, threatening (line 5, page 9)

rr.  Govern herself accordingly (line 7, page 9)

ss. Singlehandedly thwarted (line 4, page 10)

tt.  Bullied and harassed (line 11, page 10)

uu. Lack of professionalism (line 12, page 10)

vv. Harassment has escalated (line 13, page 10)

ww.    Gamesmanship (line 15, page 10)

xx.    Extortionist scheme (line 22, page 10)

yy.    Frivolous motions (line 23, page 10)

zz.    Improper discovery demands, threatens (line 4, page 11)

aaa.    Egregious conduct (line 9, page 11)

bbb.  Harass (line 11, page 11)

ccc.    Frivolous claims (line 2, page 12)

ddd.    Harassment, sham motions (line 5, page 12)

eee.    Unleash personal attacks, vexatious threats (line 6, page 12)

fff.    Outrageous allegations (line 7, page 12)

ggg.    Nefarious gamesmanship (line 11, page 12)

hhh.    Exploitation (line 12, page 12)

iii.    Bad faith (line 15, page 12)

jjj.    Threatened (line 17, page 12)

kkk.    Fixated, obstruct (line 19, page 12)

lll.    Mocked counsel (line 21, page 12)

mmm.       Harass (line 24, page 12)

nnn.    Riddled with insults (line 2, page 13)

ooo.    Threat (line 13, page 13)

**PLAINTIFF'S RESPONSE TO MOTION FOR SANCTIONS**

ppp.   Personal attack, frivolous motion (line 14, page 13)

qqq.   Egregious conduct (line 17, page 13)

rrr.   Harass (line 19, page 13)

sss.   Harass and intimidate (line 4, page 14)

ttt.   Provocation (line 5, page 14)

uuu.   Harassment (line 8, page 14)

vvv.   Nefarious gamesmanship (line 22, page 14)

www.  Tenuous claims (line 23, page 14)

xxx.   Fixated on harassment (line 23, page 14)

yyy.   Sham motions, false complaints (line 24, page 14)

zzz.   Threatening (line 26, page 14)

aaaa.  Flagrant disregard (line 28, page 14)

bbbb.  Unrelenting harassment (line 1, page 15)

cccc.  Brazen violations (line 18, page 15)

But not even once does Prado, Flora or Samini actually quote, demonstrate, show or cite to any evidence or proof of the above adjectives and adverbs[11].   It is rather suspect that this motion for sanctions was filed by Flora immediately after Ewing filed a motion to sanction Flora for destruction of evidence and perjury.  ECF No. 56 for sanctions against Flora was filed by Ewing on February 10, 2016.  ECF No. 57, the instant motion, was filed by Flora just two days later.  Seems like there is a pink elephant in the room.

**COURT'S ADMONITION**

---

[11] Unlike Flora, Ewing has never used any foul language in any communications with counsel.  Further, Ewing has never, unlike Flora, threatened physical harm.   It is telling that Prado never mentions anything about the actual substance of any of the Bar complaints.  She does not want the Court to know how bad she had actually been.  If she had a defense, should would defend herself.  The reality is that the Bar complaints are in fact being process by the Bar and have not been closed out.  Further, Samini did actually backdate a document.  That is illegal.  The Bar investigates illegal conduct by attorneys.

"Defense counsel should endeavor to ensure that future pleadings, moving papers, and the citations contained therein, are correct and reflect current law." See ECF No. 20 at page 15.  Samini and Prado were ordered by this Court to not do what they just did.  Prado engaged in the following direct violation of this Court's order:

  A. Stating that Ewing contacted Flora when that is false.

  B. Stating the Ewing threatened Prado with "govern yourself accordingly" when she used said phrase six times previously.

  C. Stating that Ewing has delayed this case when in fact no delay has occurred and no change to the scheduling order has taken place.

The Court, in its Order at ECF No. 20 on March 25, 2015, required defendant's counsel "to ensure that their legal arguments are grounded in relevant and controlling authority, and are not asserted for an improper purpose."  There, defense counsel cited to *Jadwin,* but no other cases, as if *Jadwin* is the rule of law in this District.  Defense counsel's moving papers were not "correct," did not "reflect current law," and, again just like *Mims*, were not "grounded in relevant and controlling authority;" rather the motion was in fact "asserted for an improper purpose" which is to harass Plaintiff and cause unnecessary time and expense in this matter.

It is rather interesting when you actually line up, side by side, Prado's characterization of evidence with the actual evidence.  Notice how Prado completely twists the words around beyond the original meaning.

Prado's declaration, ECF No. 57-1, at paragraph five states:

"On October 12, 2015, Ewing sent a **harassing** email concerning his deposition wherein he **demanded** I inform him of his depositions questions prior to the deposition. Certainly, the purpose was none other than to **harass** as Ewing openly **criticized** Flora's request to depose Ewing. Attached to this Declaration as Exhibit "D" at page 1 is a true and correct copy of email correspondence from October 12, 2015."

Exhibit D states:
"Your client called my phone. I am suing him for doing that.  I am not sure what you could possibly ask me at my deposition that would be relevant and discoverable. Please tell me you are not just going to waste my time at the deposition. **I would like to know** what you think you could possibly inquire about that is not protected and is relevant to these actual causes of action. In other words, I did not do anything in this case. So what could you possibly action me in a depo?"
Sent October 12, 2015 at 11:52 a.m.

Prado states that the above email was harassing, twice.  Prado states that Ewing "demanded" to "inform him of his depositions questions prior to the deposition."  Nowhere is there a "demand" to know the deposition questions before the deposition.  "I would like to know" is not a demand.  A demand of that sort would go something like this:  "I hereby demand that you inform me in writing of each and every deposition question you intend

to ask me before you ask me." That just sounds stupid. It is a deposition for crying out loud.

What does the email actually say? It is a rhetorical question "so what could you possible action me in a depo?" One has to look at the entire paragraph and take it in context. The issue presented is that Ewing had nothing to do with this case. Flora, or his designated agent, made an illegal telemarketing call to Ewing. That is it. Case closed. This case is not whether Flora is liable, it is only about how much Flora is going to pay as outlined by various federal and state statutes governing the illegal calling of protected numbers and the illegal recording of telemarketing calls without notice. Nothing that Ewing says or could say can change the fact that Flora illegally called Ewing and the fact that Flora then began a barrage of violent and sickening text threats thereafter.

Defense counsel misconstrues the state bar complaint warnings. Plaintiff did not "threaten" defense counsel. Rather, Plaintiff gave defense counsel the opportunity to "do the right thing" and to be honest[12]. When defense counsel refused to act professionally, Plaintiff actually in fact filed multiple State Bar complaints. This was not a threat, it was a request to meet and confer regarding defense counsel's conduct. Those matters are now in the hands of the State Bar and the State Bar will conduct its own investigations. This Court in fact sent a clear message to defense counsel regarding the representation, as an attorney, of a defunct

---

[12] Samini backdated an amended notice of deposition that he cancelled at the last minute.

1    corporation.  This Court has also cautioned counsel about the same matter.  It is

2    bizarre for counsel to now turn around and say that bringing his conduct to light

3    warrants a sanction order.

4         Finally, Sherri Watts is not an attorney at law and is not otherwise authorized

5    to sign a proof of service with a "/s/ Sherri Watts" and thus Flora has failed to serve

6    any of the documents, motions, notices and exhibits in this matter.  The Court

7    should strike the entire filing by Flora as not properly before this Court.  It would

8    be odd to require one party to comply with the Rules while allowing the other side

9    to just do as they please.

10

11   **III.   PLAINTIFF'S ARGUMENT**

12        **A.     Sanction Motion Is Frivolous and Only Intended to Harass**

13              **Plaintiff.**

14        The moving party must demonstrate "good cause" for issuance of sanction

15   orders.  (*Jepsen, Inc. v. Makita Elec. Works, Ltd.* (7th Cir. 1994) 30 F.3d 1206,

16   1210.)   With no foul language and no violent threats to injure, the Defendant has

17   not demonstrated good cause to prohibit the parties from trying to talk about

18   settlement and dismissal of this case.  Instead, Ewing's confidential offers to settle

19   this case have now turned into "extortionate" settlement efforts.

20        83 times, not including Prado's declaration itself, Flora has used various

21   vituperative words to describe Ewing that are unsupported by the evidence she

22   adduces.  More importantly however; when it comes to legal analysis, the motion

23   is woefully inadequate.  Just like Flora made a mistake with *Mims* and with *Jadwin*

24   in the prior motions, here to, Flora misses the legal boat.  To begin, Flora misreads

25   *Yourish*.  The *Yourish* court held "dismissal in this instance serves the public interest

26   in expeditious resolution of litigation as well as the court's need to manage the

27   docket because **Plaintiffs' noncompliance has caused the action to come to a**

28   **complete halt**, thereby allowing Plaintiffs to control the pace of the docket rather

than the Court." (*Yourish v. California Amplifier* (9th Cir. 1999) 191 F.3d 983, 990.) *emphasis added.* In this matter, Ewing has not caused the action to come to a complete halt. In fact, the case has not even slowed down. The dates are still as they were originally set by the Magistrate. If anything, delay was solely caused by Flora not showing up for two noticed depositions and again by Flora's attorneys cancelling Ewing's deposition twice without even 24 hours notice. That is the only possible or conceivable delay in this case. Devoid of real, true and actual delay, Flora's motion completely misses the legal mark for sanctions of dismissal. Moreover, it was Flora who refused to answer legitimate questions at his deposition and thus forced Ewing to bring a motion to compel answers which the Magistrate in fact granted. Flora has never brought a single motion to force Ewing to comply with discovery in any manner whatsoever. Ewing timely, fully and completely answered all questions propounded. Further, it is Flora that has knowingly and intentionally destroyed evidence in this matter. It is Flora that has refused to turn over documents. It is Flora that has refused to respond to discovery. It is Flora who refused to bring any documents whatsoever to his noticed deposition. It is Flora who has committed blatant perjury about his phone. This last item is now pending before the Magistrate.

Finally, it is important to take into context the number of emails exchanged back and forth between the parties. Since this case began, there has been an exchange of 356 emails with counsel. Flora produced, in her dozen hours of research on this matter the most "violent, threatening and harassing" of them all. That number adds up to 25 which were attached as exhibits. That means that there were 331 emails that were not "violent, threatening or harassing".

## IV.   CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests that this motion for sanctions be denied and that that Court again caution Flora regarding the filing

of frivolous motions that are not supported by facts or current law.  Furthermore, the Court is respectfully requested to refer Prado and Samini to the State Bar of California for the false and deceitful declarations they made in this motion.

Dated: March 1, 2016                    By:  _____/S/ Anton Ewing___
                                              Anton Ewing, Pro per Plaintiff

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA                    )

3                                                          )          SS:

COUNTY OF SAN DIEGO          )

4

5          I am employed in the County of San Diego, State of California.  I am over the age

6  of 18 and not a party to the within action; my business address is 3077 Clairemont Drive
#372, San Diego, CA 92117. On March 1, 2016, I served the within **PLAINTIFF'S**

7  **RESPONSE TO DEFENDANT'S MOTION FOR SANCTIONS,** on the interested
parties in said action by placing __  the original  _X_   a true copy thereof, enclosed in a

8  sealed envelope and addressed as follows:

9
┌──────────────────────────────────────────────┐
10 │ **BABAK SAMINI, ESQ**                              │
│ Samini Scheinberg PC                            │
11 │ 840 Newport Center Drive,                       │
│ Suite 700                                       │
12 │ Newport Beach, California 92660                 │
└──────────────────────────────────────────────┘

13  _X_ BY UNITED STATES MAIL,  I am "readily familiar" with the practice of collection

14  and processing correspondence for mailing.  Under that practice, it would be deposited in
a box or other facility regularly maintained by the United States Postal Service with First-

15  Class postage thereon fully prepaid that same day at Newport Beach, California, in the

16  ordinary course of business.  I am aware that on motion of party served, service is
presumed invalid if postal cancellation date or postage meter date is more than one day

17  after date of deposit for mailing in affidavit.

18
_X_ BY ELECTRONIG SERVICE VIA CM/ECF, I also hereby certify that I filed the

19  foregoing document with the Clerk of the Court for the United States District Court,

20  Southern District of California by using the Central District CM/ECF System. Participants
in the case who are registered CM/ECF users will be served by the USDC-Southern

21  District of California CM/ECF system.

22
_X_ State - I declare under penalty of perjury under the laws of the State of California that

23  the above is true and correct.

24

25  Dated: March 1, 2016                           _____

26                                                                 Collette Stark, Registered Process Server

27

28

- 21 –
**PLAINTIFF'S RESPONSE TO MOTION FOR SANCTIONS**