1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON A. EWING,<br><br>                                    Plaintiff,<br><br>v.<br><br>PHILIP A. FLORA (aka Phil Flora or<br>Philip Anthony Flora); EVERY DATA,<br>INC., an unknown corporation; EVERY<br>DATA, a fictitious business; DOES 1-<br>100;  ABC CORPORATIONS 1-100;<br>LLC'S 1-100,<br><br>                                    Defendants. | Case No.:  14cv2925 AJB (NLS)<br><br>**ORDER DENYING DEFENDANT'S<br>MOTION FOR SANCTIONS**<br><br>(Doc. No. 57) |

Presently before the Court is a motion for sanctions filed by Defendant Phillip A. Flora DBA Every Data ("Defendant"). (Doc. No. 57.) Plaintiff opposed the motion and filed an opposition on March 1, 2016. Defendant filed a reply on March 8, 2016. Pursuant to Local Rule 7.1.d.1, the Court finds this motion suitable for determination on the papers and without oral argument.

/// 
/// 
///

Accordingly, the motion hearing presently set for April 21, 2016 is **VACATED**. For the reasons set forth below, Defendant's motion is **DENIED**.

## BACKGROUND

The present motion for sanctions challenges Plaintiff's conduct throughout the course of this litigation. Accordingly, the Court summarizes the relevant procedural posture of this case as set forth below. For the sake of brevity, however, the Court also incorporates by reference the procedural history as detailed in Magistrate Judge Nita L. Stormes' August 26, 2015, order granting in part and denying in part Defendant's motion for a protective order. (Doc. No. 40.)

On December 11, 2014, Plaintiff filed a complaint against Defendant alleging claims for violations of the California Invasion of Privacy Act ("CIPA") (Cal. Penal Code § 630, et. seq.), conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO") (18 U.S.C. § 1962(d)), and the Telephone Consumer Protection Act ("TCPA") (47 U.S.C. § 227). (Doc. No. 1.) Plaintiff's claims arise from allegations that Defendant sent threatening text messages, unlawfully recorded telephone conversations, and impermissibly contacted Plaintiff in violation of the Do Not Call Registry. (*See id*.) Plaintiff is proceeding in this litigation pro se.

On January 6, 2015, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)[1] arguing Plaintiff had failed to state a claim upon which relief could be granted. (Doc. No. 3.) In addition to opposing Defendant's motion to dismiss, on January 29, 2015, Plaintiff moved for Rule 11 sanctions against Defendant Every Data, Inc. and defense counsel. (Doc. No. 11.) Plaintiff asserted several grounds for Rule 11 sanctions, including that defense counsel failed to cite controlling authority in moving to dismiss Plaintiff's claims. (*Id.* at 9.) Plaintiff also referred to defense counsel as a criminal, asserted defense counsel Babak Samini improperly used a different first name, and challenged whether Defendant Every Data Inc. properly paid its taxes and whether it

---

[1] All references are to the Federal Rules of Civil Procedure, unless otherwise noted.

was conducting business legally in California. (*See id*.)

In ruling on Plaintiff's motion for Rule 11 sanctions, the Court concluded the complained of conduct was not appropriate grounds for sanctions, and that Plaintiff failed to comply with Rule 11's safe harbor provision requiring service of a motion for sanctions on opposing counsel 21 days prior to filing. (Doc. No. 20 at 13.) However, the Court cautioned both parties and counsel with the following:

> The Court does caution the parties to ensure that their legal arguments are grounded in relevant and controlling authority, and are not asserted for an improper purpose. Further, all parties and counsel are to engage in professional and respectful conduct, both in the legal arguments represented to the Court, as well as in the course of communications with each other. Failure to abide by the professional and ethical obligations imposed upon attorneys who practice in this district is of concern to the Court. Although Plaintiff is proceeding pro se, he is reminded not to employ his pro se status as a means to engage in improper and unprofessional conduct.

(Doc. No. 20 at 15–16.) The Court also dismissed Plaintiff's RICO claim with leave to amend. (*Id.*) Plaintiff filed an amended complaint on April 24, 2015. (Doc. No. 21.) On May 14, 2015, Defendant filed an answer to the amended complaint, (Doc. No. 22), and discovery ensued.

During the course of discovery, several disputes arose between the parties regarding deposition procedures, deposition scheduling, and responses to discovery requests. (*See, e.g.*, Doc. Nos. 29, 32, 42, 44, 45, 56.) Of relevance to the instant motion, on July 17, 2015, Defendant moved for a protective order to "ensure neither Phillip Flora nor counsel are harassed by Plaintiff." (Doc. No. 29.) In addition to requesting a protective order, defense counsel sought sanctions for Plaintiff's violation of this Court's order stating Plaintiff should not use his pro se status to engage in improper behavior. (Doc. Nos. 29, 38 at 3.) Following briefing, Magistrate Judge Stormes issued an order granting in part and denying in part the motion for a protective order, striking irrelevant

documents from the record, and denying without prejudice Defendant's request for sanctions. (Doc. No. 40.) The denial of Defendant's request for sanctions was without prejudice to re-filing before this Court as Defendant cited this Court's admonition as the court order Plaintiff violated. (*Id.* at 15.)

Then, in November 2015, Plaintiff filed a motion for sanctions and a protective order against Defendant after defense counsel cancelled Plaintiff's deposition on two occasions. (*See* Doc. No. 44.) Following briefing, Judge Stormes denied Plaintiff's motion for sanctions finding defense counsel notified Plaintiff of the cancellation on each occasion almost 24 hours in advance of the deposition, and that Plaintiff did not incur any recoverable damages because of the cancellations. (*Id.* at 3.)

On February 12, 2016, Defendant filed the instant motion for sanctions before this Court, citing to the March 26, 2015, order directing Plaintiff not to use his pro se status as a means to engage in improper conduct. According to Defendant, Plaintiff's conduct amounts to harassment for the sole purpose of delaying litigation, obfuscating the issues before the Court, and extorting settlement from Defendant. Defendant seeks an order holding Plaintiff in civil contempt and issuing terminating sanctions, or alternatively, monetary sanctions for costs and fees incurred due to Plaintiff's violation of this Court's order. Plaintiff alleges Defendant and defense counsel are responsible for similarly improper behavior to harass Plaintiff, and that Defendant's motion for sanctions violates Rule 11.

## LEGAL STANDARD

Courts have inherently broad authority to impose penalties and sanctions for a party's failure to comply with the rules of conduct governing the litigation process. Through the district court's inherent powers, monetary sanctions in the form of attorney's fees may be imposed against a party who acts in bad faith, such as disrupting the litigation process of failing to abide by a court order. *Leon v. IDX Systems Corp.*, 464 F. 3d 951, 961 (9th Cir. 2006); *see also Rodeway Exp., Inc. v. Piper*, 447 U.S. 752, 766 (1980).

The most severe form of sanctions are terminating sanctions, which may be appropriate where a party fails to comply with a court order. Rule 37(b)(2) gives courts the authority to impose sanctions when a party has failed to comply with a discovery court order. Terminating sanctions may be used for "striking pleadings in whole or in part" or "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2) (iii), (v). Courts have developed the following five factor to consider in determining whether sanctions are appropriate under Rule 37(b)(2): (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions, such as whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions. *Connecticut General Life Insurance Company v. New Images of Beverly Hills*, 482 F. 3d 1091, 1097 (2007) (citing *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003)). Terminating sanctions are severe and justified only when the sanctioned party's violations are a result of the "willfulness, bad faith, or fault" of the party. *Jorgensen*, 320 F.3d at 912.

Regardless of whether sanctions are imposed under the Federal Rules or pursuant to a court's inherent power, the decision to impose sanctions lies within the sound discretion of the court. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1109–14 (9th Cir. 2005) (reviewing sanctions imposed under the court's inherent power); *Payne v. Exxon Corp.*, 121 F.3d 503, 510 (9th Cir. 1997) (upholding sanctions imposed under the Federal Rules).

## DISCUSSION

It is apparent from the documents attached to the instant motion that Plaintiff has engaged in improper and unprofessional conduct. It is also apparent, however, that both parties have utilized court filings as a means to further "mudsling" accusations at each other and at counsel. The briefing from both sides includes sparse legal argument,

comprised mainly of complaints of improper conduct, rhetorical questions, excessive emphases, and exaggeration. The Court will not entertain any such further conduct by either side.

More importantly, the Court will not permit Plaintiff to further harass Defendant or defense counsel. Although proceeding pro se, Plaintiff is a sophisticated litigant who lacks neither the knowledge nor the means to comply with local rules.[2] Pro se status does not exempt a litigant from engaging in respectful and professional conduct. Civil Local Rule 83.11 governs persons appearing without an attorney and expressly states that persons appearing pro se are bound by the rules of court. *See* Civ.L.R. 83.11 ("Any person appearing propria persona is bound by these rules of court and by the [Federal Rules of Civil Procedure] . . . as appropriate." The Local Rules specifically state an attorney in practice before this court must not:

    a.    Disparage the intelligence, ethics, morals, integrity or behavior or opposing parties or counsel unless such characteristics are at issue.

    b.    Disparage any person's gender, race, religious creed, color, national origin, ancestry, physical handicap, medical condition, marital status or sexual orientation.

    c.    Knowingly participate in litigation or any other proceeding that is without merit or is designed to harass or drain the financial resources of the opposing party.

    d.    Arbitrarily or unreasonably deny an opposing counsel's reasonable request for cooperation or accommodation.

    e.    Serve motions and pleadings on the opposing parties or counsel at a time or in a manner that will unfairly limit their opportunity to respond.

---

[2] For example, Plaintiff appears to have earned a Juris Doctorate degree, (*see* Doc. No. 57-12), successfully moved for electronic filing access, (Doc. Nos. 9, 13), and filed or opposed several motions through written memoranda timely filed with the Court.

14cv2925 AJB (NLS)

f.      Seek sanctions against or the disqualification of any other attorney for any improper purpose.

g.      Engage in excessive, abusive discovery, or delaying tactics.

Thus, although Plaintiff is not an attorney, he is bound by the Local Rules governing professionalism. Judge Stormes stated as much in her August 26, 2015 order, noting that Plaintiff was required to abide by the Local Rules governing professionalism. (*See* Doc. No. 40 at 10) ("So even though he is pro se, this district's Local Rules require Ewing to follow the rules of professionalism outlined in Civil Local Rule 83.4, which require him to, among other things, 'be courteous and civil in all communications' and 'attempt to informally resolve disputes with opposing counsel.'").

Aside from the conduct proscribed by the Local Rules, this Court previously cautioned Plaintiff not to utilize his pro se status to engage in improper conduct. (*See* Doc. No. 20 at 16.) Despite this admonition, the Local Rules, and prior requests for sanctions by Defendant, Plaintiffs conduct remains unprofessional. However, having not previously threatened the imposition of monetary sanctions, let alone case-dispositive sanctions, and in light of Plaintiff's pro se status, the Court will not impose sanctions at this time. In the future, however, given three distinct court orders apprising Plaintiff of his obligation to act professionally and ethically during the course of this litigation, the Court will not hesitate to sanction Plaintiff for further improper conduct of violations of this order. This includes monetary and or terminating sanctions.

Additionally, in an effort of end the unprofessional conduct rampant throughout the record, the Court further delineates prohibited conduct that may warrant the future imposition of sanctions:

1.      All parties and counsel must cease personal attacks and investigations into private affairs of opposing parties and their counsel. This includes investigating or otherwise referencing unrelated matters such as purported tax liens, orders of contempt not issued by this Court as part of this litigation, and unrelated news

7

articles or press releases.

2. All parties and their counsel must not harass, intimidate, or threaten any party or their attorney. This includes threats of future litigation, sanctions, and state bar complaints, except and unless necessary to comply with certain procedural requirements. *See, e.g.*, Fed. R. Civ. P. 11(b) (discussing requirement of safe harbor period prior to filing motion for sanctions).

3. All parties and their counsel must not attach any unrelated private information or communications to future court filings or communications with opposing counsel or opposing parties. This includes personal information about defense counsel, such as state bar records or printouts from the state bar website.

4. Plaintiff must not contact Defendant Phillip Flora directly either through email, telephone, or in person without the permission of defense counsel.[3]

Notwithstanding Plaintiff's pro se status, the Court reiterates the following:

> The United States District Court for the Southern District of California is committed to the highest standards of professionalism and expects those standards to be observed by lawyers who practice before the Court. Compliance with high standards of professionalism depends primarily upon understanding the value of clients, the legal system, the public and lawyers of adhering to the voluntary standards. Secondarily, compliance depends upon reinforcement by peer pressure and public opinion, and finally, when necessary, by enforcement by the courts through their powers and rules in existence.

While litigation may inevitably be contentious to a certain degree, advocacy does not necessitate disrespect. The parties are encouraged to focus their efforts on litigating the merits of Plaintiff's claims, while making every effort to meet the highest standards

---

[3] Because the Court cannot foresee every instances of unprofessional conduct, this is not an exhaustive list of prohibited conduct.

14cv2925 AJB (NLS)

of professionalism expected of those who litigate in this district.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendant's motion for sanctions **WITHOUT PREJUDICE**.[4] Future unprofessional or otherwise improper conduct that hinders the prompt resolution of Plaintiff's claims by either party or their counsel will not be met with leniency. Should such conduct occur after the date of this order, the Court will entertain a motion for sanctions by either party.

**IT IS SO ORDERED**.

Dated:  April 14, 2016

Hon. Anthony J. Battaglia
United States District Judge

---

[4] The Court similarly **OVERRULES** Defendant's evidentiary objections to Plaintiff's opposition. (Doc. No. 57-1.) Pursuant to the undersigned's Chamber Rule II(A), "Objections relating to the motion should be set forth in the parties' opposition or reply. No separate statement of objections will be allowed." Defendant's reply adequately set forth objections to the statements within Plaintiff's opposition.

9